IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. KORTNEY DALON BALL**

**Criminal Court for Davidson County**
**No. 2021-B-825**

_____

**No. M2025-01458-CCA-R3-CD**

_____

**ORDER**

The Appellant, Kortney Dalon Ball, is appealing his conviction and the sentence he received for one count of misdemeanor domestic assault. Although he was represented by appointed counsel at the time notice of appeal was filed, he has since been permitted permission to proceed on his own in this appeal. The record has not yet been filed.

Currently before the Court is the Appellant's motion for release pending the conclusion of the instant appeal. *See* Tenn. R. App. P. 8(a); Tenn. Code Ann. § 40-11-144(a). The State opposes. As noted above, the Appellant was convicted of one count of misdemeanor domestic assault. Tenn. Code Ann. § 39-13-111. He was sentenced to eleven months and twenty-nine days confinement, to be served at seventy-five percent, followed by eleven months and twenty-nine days of supervised probation. The judgment was filed on May 12, 2025. It appears the Appellant is currently in jail serving his sentence. As the State correctly notes in its response, the Appellant raises issues in the instant Rule 8 motion that are more appropriately suited for presentation in his appellate brief. Tenn. R. App. P. 27(a). The State also asserts "no trial court has ruled on the matter of appellate bond, and there is no lower court order to review." Again, the record has not yet been filed. That being said, and for the reasons stated below, the Appellant's motion for release is remanded to the trial court for immediate consideration. In order to assist the trial court in its ruling, the Court makes the following observations regarding a defendant's right to release pending appellate review of a misdemeanor conviction.

A trial court may revoke bail immediately upon conviction, in applicable felony cases, "notwithstanding sentencing hearing[s], motion[s] for a new trial and related post-guilt determination hearings." Tenn. Code Ann. § 40-35-116(b). The Sentencing Commission Comments to that section advise that "[t]he standards for revocation of bail

are set forth in Section 40-26-102." Section 40-26-102, entitled "Bail in felony cases," governs admission to bail pending appeal. Subsection (e) of Section 40-26-102 provides that "[t]he setting of bail or release upon recognizance is a matter of right for one convicted of a felony and sentenced to confinement for less than one (1) year."

As discussed above, however, the Appellant in this case was convicted of a misdemeanor offense. The Sentencing Commission Comments to Section 40-35-116 further advise that bail in misdemeanor cases is addressed in Section 40-26-104. Both that statute and the Rules of Criminal Procedure provide that a defendant has the right to bail pending appeal in misdemeanor cases. Tenn. Code Ann. § 40-26-104; Tenn. R. Crim. P. 32(d)(1). Section 40-26-104 provides: "In all misdemeanor cases, the judge or court shall direct the clerk of the circuit or criminal court to admit the defendant to bail in a sum prescribed by the judge or court, with sufficient sureties for defendant's appearance at the circuit or criminal court in which judgment was rendered against the defendant, at the next term after the decision of the cause by the supreme court, to answer the judgment of the court." Rule 32(d), which is titled "Release After Conviction, Pending Further Proceedings," discusses release following conviction in both misdemeanor and felony cases. Subsection (d)(1) of Rule 37, which covers misdemeanor cases, provides simply: "A person convicted of a misdemeanor has a right to have bail set or to be released on recognizance pending the exhaustion of all direct appellate procedure in the case."

Accordingly, it is clear the legislature intended those defendants convicted of a misdemeanor to be entitled to bail pending the exhaustion of post-trial and appellate remedies. Requiring the Appellant in this case to begin serving his sentence of confinement, without the opportunity to post a reasonable bond, following conviction but prior to the expiration of the time for pursuing an appeal would necessarily thwart the intent of Section 40-26-104 and Rule 32(d)(1). Thus, notwithstanding any other judgments or holds, the Appellant is entitled to a reasonable bond in this case, which may include the imposition of any appropriate conditions of release, pending the resolution of the current appeal. As such, bail should be set at an amount "necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public." Tenn. Code Ann. § 40-11-118. *See also* § 40-26-104. The State shall be afforded the opportunity to respond to the motion in the trial court.

The Clerk shall inform the trial court clerk about this order immediately upon filing.

Easter, J., Wedemeyer, P.J., Ayers, J.

2